[No. 7514]

REID, TREASURER OF MONTEZUMA COUNTY v. MONTEZUMA VALLEY IRRIGATION DISTRICT.

CONSTITUTIONAL LAW—*Particular Statutes*—The last proviso to sec. 3460 Rev. Stat., is not in contravention of sec. 14 of art. II or sec. 15, art. XIV of the constitution. If the general assembly have by the last section authority to establish the fees of county officers for their services, the amount and form of the award is in the legislative discretion.

*Appeal from Montezuma District Court.*—Hon. CHARLES A. PIKE, Judge.

Mr. S. W. CARPENTER, for appellant.

Mr. W. F. MOWRY, for appellee.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

The appellee brought suit to recover from appellant the sum of $644.30, less the sum of $100.00, retained by the treasurer out of the funds received by him in the year 1909 for the irrigation district, which district was located wholly in Montezuma county. The board of directors had allowed the treasurer the sum of $100.00 for his services rendered the district in that year. A demurrer to the complaint was overruled. The defendant in his answer admitted that he had received the amount for the district, as stated in the complaint, partly from taxes collected, and partly from other sources, and alleged that he had retained the sum of $644.30 as his commissions of one per cent allowed him by law; that he had turned these commissions into his Fee Fund; that the total amount of his fees for that year, including the said commissions, was $641.04 in excess of his salary and deputy hire; and that he had settled with the county before the commencement of the action, and had transferred said excess to the ordinary revenue fund of the county. He admitted that the board of directors of the district had allowed one hundred dollars for all his services rendered for the district in the year 1909, but denied that that was the maximum amount provided by statute for his services, and denied that any part of the funds of the district was unaccounted for. In his answer, he also alleged that a statute referred to in the complaint, to-wit, sec. 3460, Rev. St. '08 (sec. 21 of the Irrigation Act of 1905, as amended in 1907), was void, because in contravention of sec. 15 of art. XIV and sec. 14 of art. II of the state constitution. The appellant elected to stand by this answer, after a general demurrer to it had been sustained. Judgment was rendered against him for $544.30. To reverse this judgment the cause was brought here on appeal.

The only argument is directed to the unconstitutionality of the proviso to sec. 3460, Rev. St. '08, which is sec.

21 of the irrigation act of 1905, amended in 1907, Sess. Laws '07, p. 490, which proviso is as follows:

"*Provided,* Said county treasurer shall receive as his sole compensation for the collection of such taxes, such amount as the board of directors may allow, to be not less than twenty-five (25) dollars, nor more than one hundred (100) dollars, which compensation shall be considered as a part of the regular salary of such county treasurer as provided by law."

It is claimed that this proviso is in contravention of sec. 15 of art. XIV and sec. 14 of art. II of the constitution of the state. The unconstitutionality of this proviso was raised in case No. 7532, *Board of Co. Commissioners of Otero Co. v. Otero Irrigation Dist., ante,* 515 139 Pac. 546, and it was there held that the reasons urged to show its unconstitutionality were not sufficient. If we understand the brief correctly, the reason assigned in this case why the proviso is obnoxious to sec. 15 of art. XIV is that it provides the basis for the fee of the county treasurer in a lump sum, instead of a commission upon the moneys handled. The section of the constitution referred to says that laws classifying counties for the purpose of providing for and regulating the compensation of county officers shall establish scales of fees to be charged and collected by county officers, but it does not say what form these fees shall take, whether lump sums for collection of moneys or percentages in the form of commissions. This is a matter for the legislature. We take it from the brief that if the proviso had been that a certain percentage of the money collected by the treasurer should be retained by him as a commission then it is conceded the proviso would be constitutional. If the general assembly had the power to regulate or establish the fee in the Irrigation District Act, either in the form of percentage or otherwise, the amount and form thereof was in its dis-

cre
tion, and this court cannot consider whether it was enough for those particular services or not. The judgment is affirmed.

*Judgment affirmed.*

Decision *en banc.*